# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 3:94-46 (RHK) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Julius C. Doyle, | |
| Defendant. | |

This matter is before the Court on Defendant's self-styled submission entitled "Letter 60(b) motion." (Docket No. 274.) The substance of Defendant's motion, repeated verbatim and in its entirety, is as follows:

> "I am filing this motion in light of the recent Supreme Court ruling in Alleyne v. United States of America, No. 11-9335 6/17/13 lack of 21 USC section 851 notice.
> I am requesting the court to please appoint me an attorney in the interest of justice, as I am an unlearned litigant, and I am indigent."

Giving Defendant's brief submission the benefit of liberal construction, the Court finds that he is seeking to overturn the prison sentence he received in this case, based on the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013).

The Eighth Circuit Court of Appeals has repeatedly held, however, that a federal prisoner normally cannot seek post-conviction review of his sentence by any means other than a motion brought under 28 U.S.C. § 2255. See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255"). Moreover, Defendant's current motion cannot be treated as a § 2255 motion, because he has already brought such a motion (unsuccessfully) once before. (See Docket Nos. 208, 220, 225, 233, and 251.) Defendant needs pre-authorization from the Eighth Circuit Court of Appeals before he can file a "second or successive"

§ 2255 motion in this Court. 28 U.S.C. § 2255(h), and 28 U.S.C. § 2244(b).

Defendant seems to believe that he can evade the statutory restrictions on second or successive § 2255 motions, by characterizing his current motion as a motion for relief from judgment brought under Fed. R. Civ. P. 60(b). However, the Court of Appeals has frequently reiterated that federal prisoners cannot elude the restrictions of §§ 2255(h) and 2244(b) by raising new post-conviction claims in a pseudo Rule 60(b) motion. United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir.), cert. denied, 545 U.S. 1135 (2005); Boyd v. United States, 304 F.3d 813 (8th Cir. 2002) (per curiam), cert. denied, 538 U.S. 953 (2003); United States v. Echols, 241 F. App'x 355 (8th Cir. 2007) (unpublished opinion); United States v. Washington, 211 F. App'x 550 (8th Cir. 2007) (unpublished opinion).

The Court recognizes that Defendant is presently seeking relief based on a new Supreme Court decision, Alleyne, which was not handed down until long after his previous § 2255 motion was fully adjudicated. However, a party cannot use Rule 60(b) to challenge a prior court ruling based on subsequent changes in the law. See Hill v. Rios, 722 F.3d 937, 938 (7th Cir. 2013) ("[t]he Supreme Court explained in Gonzalez [v. Crosby, 545 U.S. 524, 536-38 (2005)] and its predecessors, such as Ackermann v. United States, 340 U.S. 193... (1950), that relief under Rule 60(b) is proper only under extraordinary circumstances – and it held in both Gonzalez and Ackermann that legal developments after a judgment becomes final do not qualify as extraordinary").

If Defendant believes that Alleyne is a new rule of constitutional law that can be applied retroactively on collateral review, he will have to convince the Eighth Circuit Court of Appeals to

allow him to file a new § 2255 motion, as required by §§ 2255(h) and 2244(b).[1]  Again, Defendant cannot avoid the restrictions on second or successive § 2255 motions by casting his motion as a Rule 60(b) motion – even though he is trying to bring a claim based on a case that was not available when his previous § 2255 motion was denied.

In sum, Defendant's current Rule 60(b) motion is, in reality, a thinly disguised effort to file a successive § 2255 motion.  Because the Eighth Circuit has not authorized Defendant to file a new § 2255 motion, his current Rule 60(b) motion must be summarily denied.  See Lewis v. United States, No. 11-CV-2012 (C.D. Ill. Aug. 5, 2013), 2013 WL 4010301 (Rule 60(b) motion raising a claim based on Alleyne must be denied for lack of jurisdiction, because the motion is, in reality, an unauthorized second or successive § 2255 motion).[2]

Finally, Defendant will not be able to prosecute an appeal from this order without a Certificate of Appealability ("COA").  See Lambros, 404 F.3d at 1036 ("[a] certificate of appealability is required to appeal the denial of any motion that effectively or ultimately seeks habeas corpus or § 2255 relief").  A federal court cannot grant a COA, unless the prospective appellant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Defendant is not able to satisfy this requirement.  The Court finds no reason to believe that Defendant's current Rule 60(b) motion could be decided any differently in any other court, including the Eighth Circuit Court of Appeals, and there is nothing novel, noteworthy or worrisome

---

[1]  The Court notes that at least two federal circuit courts have already determined that Alleyne has not been made retroactively applicable on collateral review.  Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); In re Payne, No. 13-5103, __ F.3d __ (10th Cir. Sept. 17, 2013), 2013 WL 5200425 at *1.

[2]  Because Defendant has not presented a colorable Rule 60(b) claim, the Court will not appoint counsel to represent him in this matter.

about this case that warrants appellate review. Therefore, Defendant will not be granted a COA.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS ORDERED** that:

1. Defendant's "Letter 60(b) motion," (Docket No. 274), is DENIED; and

2. Defendant will not be granted a Certificate of Appealability.

Dated: October 2, 2013

s/Richard H. Kyle  
RICHARD H. KYLE  
United States District Court Judge